UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CORY ATKINSON, KENNY WILLIAMS                    **16-cv-6809**
PATRICIA ATKINSON AND DIANE
FLEMING                                          **COMPLAINT**

                              Plaintiffs,        **JURY DEMAND**

        -against-

CITY OF NEW YORK and
POLICE OFFICERS "JOHN DOES #1-20"
(the names John Does being fictitious as
their true names are presently unknown),

                              Defendants.
-------------------------------------------------------x

        Plaintiffs, by their attorney, Law Office of Philip Akakwam, P.C., complaining of the

defendants City of New York and Police Officers "John Does #1-20" (collectively "defendants")

upon information and belief alleges as follows:

## INTRODUCTION

        1. This is an action at law to redress the deprivation under color of statute, ordinance,

regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiffs by the

Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and by Title

42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the City and State of

New York].

        2. Plaintiffs seek monetary damages for: the false arrest, false imprisonment, use of

excessive force and malicious prosecution of Plaintiffs and otherwise, for the violation of their

federally guaranteed constitutional and civil rights. Plaintiffs seek whatever other relief is

appropriate and necessary in order to serve the interest of justice and assure that their remedy is

full and complete.

## JURISDICTION

3.   The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4.   Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction.  Plaintiffs request that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

6.   Plaintiff Cory Atkinson is a resident of Kings County, State of New York.

7.   Plaintiff Kenny Williams is a resident of Kings County, State of New York.

8.   Plaintiff Patricia Atkinson is a resident of Kings County, State of New York.

9.   Plaintiff Diane Fleming is a resident of Richmond County, State of New York.

10.   Defendant City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police officers through its Police Department and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

2

11.  Upon information and belief and at all times relevant herein defendants John Does #1-20 were police officers employed by defendant City of New York.

12.  The individual defendants are sued in their individual and official capacities.

### FACTS COMMON TO ALL CAUSES OF ACTION

13.  On or about May 12, 2016, at approximately 5:30 a.m., plaintiffs were inside their home located at 791 Marcy Avenue, #3A, Brooklyn, NY 11216 when more than twenty (20) police officers broke down the doors of their apartment and barged into plaintiffs' home with their guns drawn. The officers also came with police dogs.

14. As the officers were pounding on the door with heavy objects, plaintiff Cory Atkinson went towards the door to see what was going on.

15. When the officers forced the open and it fell on plaintiff Cory Atkinson who had approached the door to ask who was pounding on their door.

16. The officers rushed into the apartment with their guns drawn and pointed at plaintiffs.

17. Some of the officers pounced on plaintiff Cory Atkinson, violently slammed him on the floor and tore his shirt open.

18. Then some of the officers struck and kicked Cory Atkinson repeatedly on various parts of his body while he was lying on the floor.

19. Plaintiff Cory Atkinson offered no resistance to the officers' actions; instead he pleaded with the officers to stop hitting him. He advised them that he had recently had a hip replacement and eye surgery.

20. After placing Cory Atkinson in cuffs, the officers continued hitting and kicking him even though he was not in any way resisting arrest.

3

21. While he was still in cuffs, the officers pushed Cory Atkinson into the kitchen causing him to hit his head on a chair in the kitchen.

22. And as he was on the floor, some of the officers stomped on him.

23. Then the officers asked plaintiffs whether there were any drugs and/or guns in the house, and plaintiffs told them that there were no such things in the house.

24. Because plaintiff Cory Atkinson complained aloud that the cuffs on him were very tight, one of the officers falsely claimed that there was an outstanding warrant for Cory Atkinson and that they would take him to the precinct.

25. Plaintiff Cory Atkinson was placed in a police van and transported to the precinct.

26. The cuffs on plaintiff Cory Atkinson were so tight that he was bleeding from his wrists as he was being transported in the van.

27. Plaintiff Cory Atkinson cried as he was being transported in the van until one of the officers loosened the cuffs after seeing that he was bleeding from his wrists.

28. At the 79th precinct, Cory Atkinson was processed and detained in a cell for many hours before he was released without any charges and without being brought to court.

29. Plaintiff Kenny Williams, who suffers from multiple sclerosis, was slammed on the floor, subjected to excessively tight hand cuffs and made to kneel down for hours in cuffs inside his home.

30. Kenny Williams was later transported to the 79th precinct where he was detained in a cell.

31. The officers falsely claimed to have found a bag of weed on Kenny Williams but nothing was found on said plaintiff when the officers searched him inside his home.

4

32. After detaining Kenny Williams at the precinct for many hours, the officers issued him a summons and thereafter released him.

33. Plaintiff Kenny Williams went to court several times to defend the summons and on July 20, 2016, all the criminal charges were dismissed.

34. The defendant officers went into plaintiff Diane Fleming's room, grabbed her and slammed her on the floor and twisted her leg.

35. They placed her in excessively tight cuffs causing her to suffer cuts on both wrists and they made her kneel down in the cuffs for many hours.

36. Diane Fleming complained about the tight cuffs but was ignored by defendant officers.

37. Ms. Fleming cried about her left leg which had become swollen from being twisted and from kneeling continuously for hours.

38. Later, the officers seeing that Ms. Fleming's leg had become swollen, took some ice from plaintiffs' refrigerator and applied same on Ms. Fleming's swollen leg.

39. Plaintiff Patricia Atkinson, who uses a walker because of severe arthritis, was in her room when the officers broke into the apartment. She heard the noise but was slow in getting to the door of her room because of her disability.

40. Some of the officers got into her room, grabbed her violently and placed her in handcuffs which were made excessively tight.

41. Then they made her kneel down for hours in handcuffs. She complained to the officers that she was in extreme pain from kneeling down because she has a bad knee and receives regular injections in her knees. The officers ignored plaintiff Patricia Atkinson's pleas.

42. Plaintiffs' mother and grandmother, Sarah Atkinson, 81 years old, was present in the apartment during the defendants' raid. Her granddaughter, Lakeisha Atkinson was also present and was cuffed while she was naked. She begged to be allowed to put on some clothes to cover herself. Also present were Lakeisha's children.

43. While plaintiffs were in handcuffs, the officers tore into every item in the apartment; they practically destroyed everything in the apartment including electronics, furniture, clothing, appliances, food stuff, etc, in search of guns and drugs. They found no guns or drugs.

44. The officers threw plaintiffs' clothing into the hallway of the building.

45. After defendant officers had searched plaintiffs' home for about 5 hours without finding anything illegal, they removed the cuffs from plaintiffs Patricia Atkinson and Diane Fleming.

46. However, the officers took plaintiffs Cory Atkinson and Kenny Williams to the 79th precinct.

47. That each and every officer who responded to and/or was present at the location of plaintiffs' arrest and/or at the precinct or facility knew and was fully aware that plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

48. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

49. Plaintiffs suffered physical injuries, including cuts and bruises on their wrists. Moreover, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, loss of liberty, psychological trauma, pain, financial loss and damage to

reputation as a consequence of the defendants' unlawful conduct alleged herein.

50. Plaintiffs suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to them under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

51. Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

52. Plaintiffs have no other adequate remedy at law but for this action.

### AND AS FOR A FIRST CAUSE OF ACTION:
### 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

53. Plaintiffs reiterate paragraphs 1 through 52 and incorporate such by reference herein.

54. By their conduct and under color of law, defendant officers deprived plaintiffs of their constitutional right to be free from false arrest and false imprisonment.

55. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### AND AS FOR A SECOND CAUSE OF ACTION:
### 42 U.S.C. § 1983 - UNREASONABLE AND EXCESSIVE FORCE

56. Plaintiffs reiterate paragraphs 1 through 55 and incorporate such by reference herein.

57. By their conduct and under color of law, defendant officers deprived plaintiffs of their constitutional right to be free from excessive and unreasonable force.

58. As a direct and proximate result of the misconduct detailed above, plaintiffs sustained the damage herein before stated.

7

## AND AS FOR A THIRD CAUSE OF ACTION:
## 42 U.S.C. § 1983 - MALICIOUS PROSECUTION

59. Plaintiffs reiterate paragraphs 1 through 58 and incorporate such by reference herein.

60. Plaintiff Kenny Williams was subjected to malicious prosecution and malicious abuse of the criminal process in violation of his right under the Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

61. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff Kenny Williams sustained the damage herein before stated.

## AND AS FOR A FOURTH CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

62. Plaintiffs reiterate paragraphs 1 through 61 and incorporate such by reference herein.

63. The foregoing violations of plaintiffs' federal constitutional rights and resultant injuries were directly and proximately caused by conduct, chargeable to defendant City, amounting to deliberate indifference to the constitutional rights of persons, including plaintiffs, who are investigated, arrested, or prosecuted for alleged criminal activities.

64. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

65. It was the policy and/or custom of the City to undertake inadequate and improper investigations of civilian complaints of police misconduct and to punish inadequately officers involved in complaints which were substantiated.

8

66. Acts of brutality have been tolerated by the defendant City which has been on notice for a long time that brutality is widespread and that particular reforms need to be implemented.

67. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching the homes of, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs, who are black, on the pretext that they were involved in narcotics, drugs, guns and/or other illicit activities.

68. The aforesaid deliberate or *de facto* policies, procedures, regulations, practices and/or customs were implemented or tolerated by policymaking officials for defendant City including but not limited to, the New York City Police Commissioner, who knew or should have known that such policies, procedures, regulations, practices and/or customs concern issues that regularly arise in the investigation and prosecution of criminal cases.

69. Defendant City failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

    (a)    The determination of probable cause to make an arrest;

    (b)    The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

    (c)    The duty to properly review the information received from informants before seeking the issuance of warrants for the search of people's homes and/or arrest of individuals;

    (d)    The duty to act reasonably in the execution of search warrants at the homes of

residents.

70. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when there is probable cause for such arrest.

71. The policymaking officials at NYPD know or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choice.

72. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

73. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiffs' constitutional rights causing plaintiff to suffer substantial damages.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

i.      For compensatory damages in an amount to be determined at trial - against all

         defendants, jointly and severally;

ii.      For punitive damages against the individual defendants in an amount to be

         determined at trial;

iii.      For reasonable attorneys' fees, together with costs and disbursements of this

         action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv.      For pre-judgment interest as allowed by law; and

v.      For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
        December 9, 2016

                 LAW OFFICE OF PHILIP AKAKWAM, P.C.

                 By:          /s/
                     Philip Akakwam, Esq.
                     Attorney for the Plaintiffs
                     303 Livingston Street, 2nd Floor
                     Brooklyn, N.Y. 11217
                     (718) 858-2488

16-cv-6809

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CORY ATKINSON, KENNY WILLIAMS
PATRICIA ATKINSON AND DIANE
FLEMING

Plaintiff

-against-

CITY OF NEW YORK and
POLICE OFFICERS "JOHN DOES #1-20"
(the names John Does being fictitious as
their true names are presently unknown),

Defendants.

# COMPLAINT

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiffs
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

TO:

Service of a copy of the within is hereby admitted.

Dated: